Yang v. Holder

BIA
Hom, IJ
A089 254 130

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

FEI YANG,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

10-5239-ag
NAC

_____

FOR PETITIONER:     Peter Lobel, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Christina J.

Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fei Yang, a native and citizen of China, seeks review of the December 3, 2010, decision of the BIA affirming the May 14, 2009, decision of Immigration Judge ("IJ") Sandy Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fei Yang*, No. A089 254 130 (B.I.A. Dec. 3, 2010), *aff'g* No. A089 254 130 (Immig. Ct. N.Y. City May 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we use the BIA's opinion as "the basis for judicial review." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, although generally we lack jurisdiction to review the agency's pretermission of Yang's asylum application, *see* 8 U.S.C. § 1158(a)(3), we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D). Contrary to Yang's assertion, the IJ applied the correct legal standard in requiring him to show "by clear and convincing evidence" that he had filed his asylum application within one year after his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Moreover, the IJ did not commit legal error by affording Yang's marriage registration certificate little weight given that, as the agency found, it was not authenticated by any means. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (concluding that the weight afforded to an applicant's evidence in

2

immigration proceedings lies largely within the agency's discretion).

As to the agency's adverse credibility determination, we defer to the finding "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 165-66. For asylum applications, such as Yang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's adverse credibility determination. In finding Yang not credible, the agency reasonably relied upon inconsistencies between Yang's testimony and the details in his asylum application regarding the location of his arrest, as well as his inconsistent explanations when asked to clarify his testimony. The agency also reasonably relied on the vague and inconsistent nature of Yang's responses to questions about the differences between registered and unregistered churches and his own religious practices. Moreover, given the non-responsiveness of his explanations, a reasonable fact finder would not be compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Having questioned Yang's credibility, the IJ reasonably relied further on Yang's failure to provide reliable evidence corroborating his assertions that he was involved in an underground church in China and that he continued to practice Christianity in the United States. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that a failure to corroborate may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into

3

question).  Contrary to Yang's contention, before relying on a lack of corroboration to support an adverse credibility finding the IJ was not required to first identify the particular pieces of what he thought was missing relevant evidence and then determine that this evidence was reasonably available.  *See Xiao Ji Chen*, 471 F.3d at 341 (holding that these steps are not required when the applicant is not otherwise credible).  Furthermore, the agency did not err in relying on the adverse credibility determination both as an alternative basis for denying asylum relief and as a ground for denying withholding of removal, as both claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *see also Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (same, with respect to CAT).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4